[Crim. No. 857. Fourth Dist. Jan. 23, 1953.]

THE PEOPLE, Respondent, v. FRANK M. SIERRA, Appellant.

Tom Okawara for Appellant.

Edmund G. Brown, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant, Frank M. Sierra, and Albert Sequieros were charged with the crime of armed robbery. The information also charged defendant Sequieros with three prior felony convictions. A jury trial was had and Sierra was found guilty of robbery in the second degree. He appeals from the judgment of conviction on the sole ground that the evidence is insufficient to support the judgment in that he was acting under such fear from the threats of his codefendant that the acts which he committed were in fact not his acts but those of his codefendant. Defendant Sequieros was found guilty of robbery in the first degree and has not appealed from the judgment.

On February 23, 1952, Frank Sierra, Albert Sequieros and Carolina Ruiz, the common law wife of Sequieros, drove in an automobile belonging to Sequieros to the home of Cruiz Ramirez near Huron in Fresno County. Ramirez testified that the defendants asked him to show them the way to Huron; that he got in the front seat of Sequieros' car with defendant Sierra and Carolina Ruiz; that Sierra proceeded to drive toward Huron; that he stopped at an intersection a few miles out on the road and Ramirez, perceiving that the driver was about to turn off the Huron road, attempted to get out of the car; that thereupon Sequieros, who was in the rear seat, "put a knife to his (Ramirez') neck" and told the driver in Spanish to drive "on and fast"; that Sierra then proceeded on a side road for about a mile and stopped near a cotton field; that Sequieros (the man in the back seat) said "let's search him and see what we can find on him"; that the "lady" took his money (about $20) out of the pocket of his sweater; that defendant Sierra took the witness' shoes off, searched them for money, and threw them away; that the defendants then left in the car.

Frank Sierra testified that he was driving the car and Sequieros was in the back seat; that he slowed down and stopped at the intersection on the road to Huron; that Sequieros then "put a knife on Cruiz' throat," told him to keep quiet and ordered Sierra to keep on driving; that when they reached the cotton field Sequieros ordered Sierra to stop and ordered his wife to take the money; that Carolina searched the complaining witness and took his wallet and change; that Sierra, on orders from Sequieros, also searched the complaining witness, took his shoes off and threw them in front of the car; that he then drove away with Sequieros and his wife.

Sequieros and Carolina both testified that when they reached the intersection on the Huron road, defendant Sierra was in the back seat of the car and applied the knife to the throat of the complaining witness. Carolina testified that Sierra held the complaining witness while she and Sequieros searched him and took his money; that Sequieros removed the victim's shoes; that she gave the money to Sequieros.

Defendant Sequieros testified that he was driving the car; that Sierra was in the back seat and used the knife on the complaining witness; that Carolina searched the victim and that Sequieros removed his shoes; that the money obtained from the victim was split with defendant Sierra.

All of the witnesses testified that the complaining witness was robbed. The only substantial conflict in the testimony is as to who drove the car and who wielded the knife. The jury evidently believed the testimony of the complaining witness and the defendant Sierra in this connection and therefore found Sierra guilty of robbery in the second degree. There is ample evidence in the record to sustain the verdict and the judgment.

The claim that defendant Frank Sierra was acting solely under duress and fear in the presence of a deadly weapon and therefore not accountable for his actions is without merit. The record shows that he stayed with Sequieros and his wife for some time after the robbery and steadily drank beer with them; that Sierra was in contact with the Hanford police on the same day and made no mention to them of the robbery; that Sequieros made no attempt to use the knife on defendant Sierra and did not threaten to harm him in any way. The evidence is quite clear that the defendants planned the robbery and took and divided the money obtained from the complaining witness. There was substantial evidence to support the verdict of the jury and its determination must be upheld. (*People* v. *Eggers,* 30 Cal.2d 676, 685 [185 P.2d 1]; *People* v. *Cullen,* 37 Cal.2d 614, 625 [234 P.2d 1].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.